14-990-cv
*Cruz v. HSBC*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of September, two thousand fourteen.

PRESENT:    PIERRE N. LEVAL,
            DENNY CHIN,
            SUSAN L. CARNEY,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOHN CRUZ,
                    *Plaintiff-Appellant*,

            v.                                                  14-990-cv

HSBC BANK USA, N.A.,
                    *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:     ANDREW GROSSO, Andrew Grosso &
                             Associates, Washington, DC, *and* Nicholas J.
                             Damadeo, Nicholas J. Damadeo, P.C.,
                             Huntington, NY, *on the brief*.

FOR DEFENDANT-APPELLEE:       ALLAN S. BLOOM, Proskauer Rose LLP, New
                             York, NY.

Appeal from the United States District Court for the Eastern District of New York (Wexler, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant John Cruz appeals from the judgment of the district court entered March 13, 2014, dismissing his claims against defendant-appellee HSBC Bank USA, N.A. ("HSBC"). By memorandum and order entered March 10, 2014, the district court granted HSBC's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the facts, procedural history, and issues for review, which we summarize briefly below.

In December 2012, Cruz commenced this diversity case asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, retaliatory discharge, unlawful coercive conduct, and intentional infliction of emotional distress ("IIED") related to the termination of his employment as a bank officer with HSBC. The district court dismissed Cruz's first amended complaint for failure to state a claim. On appeal, Cruz argues that (1) the district court erred in dismissing the breach of the

- 2 -

covenant of good faith and fair dealing claim, (2) this Court should certify to the New York State Court of Appeals the question whether the breach of the covenant of good faith and fair dealing that he alleges presents the basis for a claim that is cognizable in New York, and (3) the district court erred in dismissing the IIED claim.

We review the district court's dismissal of Cruz's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) *de novo*. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although we accept factual allegations as true and construe all reasonable inferences in favor of Cruz, these tenets do not apply to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under New York law, "where an employment is for an indefinite term it is presumed to be a hiring at will which may be freely terminated by either party at any time for any reason or even for no reason." *Murphy v. Am. Home Prods. Corp.*, 58 N.Y.2d 293, 300 (1983). New York courts have consistently rejected causes of action arising from the allegedly wrongful discharge of an at-will employee "absent violation of a constitutional requirement, statute or contract." *Sullivan v. Harnisch*, 19 N.Y.3d 259, 262-63 (2012). The New York Court of Appeals, however, has articulated a narrow

exception to the long standing at-will doctrine unique to certain employment relationships.

In *Wieder v. Skala*, 80 N.Y.2d 628 (1992), the Court of Appeals sustained a wrongful discharge claim brought by an attorney who was allegedly discharged for his insistence that a fellow attorney's unethical conduct be reported as required by the Code of Professional Responsibility. *Id.* at 632, 635. *Wieder* explained that because an attorney's core purpose of employment as an associate of a law firm and responsibilities as a member of the bar are "so closely linked as to be incapable of separation," adhering to the profession's ethical standards is an implied term of an attorney's employment agreement and one that courts are well-placed to monitor. *Id.* at 635-36 (noting that the "professional conduct implicated here . . . is critical to the unique function of self-regulation belonging to the legal profession").

New York courts have interpreted the *Wieder* exception narrowly, and subsequent attempts to broaden its scope have failed. *See, e.g.*, *Sullivan*, 19 N.Y.3d at 264-65 (declining to extend *Wieder* to hedge fund executive/compliance officer who was discharged after objecting to misconduct); *Horn v. N.Y. Times*, 100 N.Y.2d 85, 95-96 (2003) (declining to extend *Wieder* to physician who was discharged after refusing -- consistent with state law, federal regulations, and Code of Ethical Conduct -- to provide confidential medical records requested by corporate employer). Cases analyzing *Wieder* have focused on the purpose of the employment and whether reporting misconduct is

- 4 -

"central" to an employee's role on behalf of its employer. *See Horn*, 100 N.Y.2d at 95-96. Consequently, "where an employee is merely peripherally responsible for informing his or her employer . . . of violations of certain obligations, that person is unlikely to be covered by the *Wieder* exception." *Sullivan*, 19 N.Y.3d at 268 (Lippman, J., dissenting).

We conclude that Cruz's employment with HSBC, as alleged in the first amended complaint, does not fall within the *Wieder* exception. Cruz was hired by HSBC as a Vice President and Senior Business Relationships Manager, and his core role at HSBC was to manage accounts and supervise clients. Although Cruz was required to report fraudulent or criminal activity pursuant to the terms of his employment and federal law 18 U.S.C. § 4, this obligation does not implicate the *Wieder* exception. Indeed, the New York Court of Appeals has affirmed the dismissal of a compliance officer's claim that he was wrongfully discharged for reporting trading practices that violated his hedge fund's code of ethics and securities laws because regulatory compliance was not the core purpose of his employment. *Sullivan*, 19 N.Y.3d at 264. Cruz's duty to report misconduct is even further attenuated from a compliance officer's duty. Because Cruz does not fall within the *Wieder* exception, his claim for breach of an implied covenant of good faith and fair dealing was properly dismissed.

The New York Court of Appeals has provided sufficient controlling precedent to permit us to determine Cruz's claim for breach of the covenant of good faith and fair dealing. Hence, certification is not proper, and we deny Cruz's request for

certification. *Fischer & Mandell, LLP v. Citibank, N.A.*, 632 F.3d 793, 798 n.5 (2d Cir. 2011); *Highland Capital Mgmt. LP v. Schneider*, 460 F.3d 308, 316 (2d Cir. 2006) (noting that certification is used "sparingly"); *see* N.Y. Comp. Codes R. & Regs. tit. 22, § 500.27.

Finally, we conclude that the district court properly dismissed Cruz's IIED claim. The requirements of an IIED claim are "rigorous[] and difficult to satisfy" and "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Howell v. N.Y. Post Co.*, 81 N.Y.2d 115, 122 (1993) (internal quotation marks omitted). As a threshold matter, it is for the court to determine whether alleged conduct may be regarded as so extreme and outrageous as to permit recovery. *See Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999); *Howell*, 81 N.Y.2d at 121. HSBC's conduct here, as alleged in the first amended complaint, falls well short of extreme and outrageous. Accordingly, the IIED claim was properly dismissed.

* * *

We have considered Cruz's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 6 -